IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOHNNY SPURLOCK                                                                    PLAINTIFF

VS.                                         CASE NO. 05-CV-1048

ASHLEY COUNTY, a subordinate political
entity in the State of Arkansas; SHERIFF JAMES
H. ROBINSON, in his individual and official
capacities; HOMER MCDOUGLE, in his individual
and official capacities; C.V. CHRISTMAS, in his
individual and official capacities; HUEY SINGLEY,
in his individual and official capacities; ILIENE
WALTMAN, in his individual and official capacities;
DON WHITE, in his individual and official capacities;
and various JOHN DOES, employees, agents,
supervisors, and/or policy makers of Ashley County,
in their individual and official capacities                                        DEFENDANTS

## MEMORANDUM OPINION

Before the Court is a Motion for Summary Judgment filed on behalf of Defendants Ashley County and Ashley County Sheriff James H. Robinson. (Doc. No. 34). Plaintiff has filed a response to the motion. (Doc. No. 46). Defendants have filed a reply to Plaintiff's response. (Doc. No. 54). The matter is ripe for consideration.

## BACKGROUND

Johnny Spurlock is a resident of Ashley County, Arkansas. He is a member of the American Legion, Post 51, in Bastrop, Louisiana. On May 21, 2004, an election was held for Post Commander. Spurlock, who was Post Commander at the time, ran for re-election. He lost. Two days later, on May 23, 2004, Spurlock was driving home from the Post when he was

...

stopped by an Ashley County Deputy Sheriff. He was arrested and charged with DWI and various other offenses. During the booking process, an inmate intake sheet was filed out. On this intake form, information about Spurlock was entered. This information included Spurlock's social security number and driver's licence number, which at the time of his arrest were the same number. Later that day, bond was posted and Spurlock was released.

Between May 23, 2004 and May 28, 2004, individual defendants Huey Singley, Homer McDougle, C.V. Christmas, Iliene Waltman and Don White obtained a copy of Spurlock's intake sheet. It is unclear how they obtained this copy. Sheriff Robinson admits that sometime between May 23rd and May 28th, he was approached by three or four individuals asking whether or not Johnny Spurlock was in his jail. In response to the inquiry, the Sheriff states that he wrote Spurlock's charges and bond amount on a sheet of paper and gave it to the individuals. The Sheriff states that he did not give the inmate intake sheet containing Spurlock's social security number to anyone. He also states that he does not know of any other communication with any of the other individual defendants. On May 28, 2004, the individual defendants Huey Singley, Homer McDougle, C.V. Christmas, Iliene Waltman and Don White distributed copies of Spurlock's inmate intake sheet around the American Legion in Bastrop.

On May 26, 2005, Spurlock filed this suit under 42 U.S.C. §§1983, 1985, and 1988 pursuant to the Fifth, Ninth, and Fourteenth Amendments of the United States Constitution; the Privacy Act, 5 U.S.C. §552a; and the Law Enforcement Assistance Administration regulations, 28 C.F.R. §20.1, et seq. Spurlock also raised various tort and statutory claims under Arkansas and Louisiana law. In his complaint, Plaintiff alleges that his fundamental right of privacy was violated when the Ashley County Sheriff's Department released his inmate intake sheet

containing his social security number to the individual defendants who disseminated the information to others. Spurlock filed suit against Ashley County, Ashley County Sheriff James Robinson and the various individuals he claims disseminated the information. He claims that the release of his social security number has created the possibility of financial harm to him, although, he has no evidence that anyone has used his social security number. The matter is now before the Court on a Motion for Summary Judgment filed on behalf of separate defendants Ashley County and Sheriff James Robinson.

## STANDARD OF REVIEW

The standard of review for summary judgment is well established. The Federal Rules of Civil Procedure provide that when a party moves for summary judgment;

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c); *Krenik v. County of LeSueur,* 47 F.3d 953 (8th Cir. 1995). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial–whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.,* 447 U.S. 242, 250 (1986). *See also Agristor Leasing v. Farrow,* 826 F.2d 732 (8th Cir. 1987); *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union-Management Pension Fund,* 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248. A

dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank,* 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of LeSueur,* 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 256.

## DISCUSSION

Spurlock has brought this suit under 42 U.S.C. §1983. Section 1983 imposes civil liability on a person acting under color of state law who deprives another of the "rights, privileges, or immunities secured by the Constitution and law." 42 U.S.C. §1983. Therefore, a §1983 plaintiff must prove the "(1) violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." *Kula v. City of Minnetonka,* 365 F3d 590, 606 (8th Cir. 2003)(quoting *Shrum v. Kluck,* 249 F.3d 773, 777 (8th Cir. 2001)). In this case, Spurlock alleges a deprivation of his right of privacy by the release of his social security number by the Ashley County Sheriff's Department.

The Constitution does not include a general right to privacy. Nevertheless, the Supreme Court has recognized that individuals possess a constitutional "interest in avoiding disclosure of

personal matters." *Whalen v. Roe,* 429 U.S.589, 599, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977). This interest, however, is limited to disclosures of information that touch on rights that "are fundamental or implicit in the concept of ordered liberty," such as matters relating to marriage, procreation, contraception, family relationships, and child rearing and education. *Paul v. Davis,* 424 U.S. 693, 711-14, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)(internal quotation marks omitted); *see Bloch v. Ribar,* 156 F.3d 673, 684 (6th Cir. 1998); *United States v. McFillin,* 713 F.2d 57, 60 (4th Cir. 1981). Therefore, not all disclosures of private information trigger constitutional protection. Here, Spurlock contends that disclosure of his social security number does. The Court does not agree. Although the Court is mindful that social security numbers are often protected from disclosure, the contention that such a disclosure violates the right of privacy has been rejected by the Courts. *See Sexton v. Runyon,* 2005 WL 2030865 (N.D. Ind.)(quoting *McElrath v. Califano,* 615 F.2d 434, 441 (7th Cir. 1980); *Lambert v. Hartmann,* 2006 WL 3833529 (S.D. Ohio). A person's privacy interest in his social security number does not implicate either a fundamental right or one implicit in the concept of ordered liberty. Thus, it is not entitled to Constitutional protection. Therefore, Spurlock has not been deprived of a right secured by the Constitution or law of the United States. Accordingly he is not entitled to relief under 42 U.S.C. §1983 for a violation of his right of privacy and this claim against Ashley County and Sheriff Robinson must fail as a matter of law.

Spurlock also alleges substantive due process violations, arguing that the release of his social security number by the Ashley County Sheriff's Office created the risk of financial harm to him by private individuals using his social security number. Spurlock claims that Sheriff Robinson's conduct amounted to deliberate indifference.

Generally, states have no affirmative obligation to protect individuals against private violence. *DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189, 197, 109 St. Ct. 998, 103 L.Ed.2d 249 (1989). The Due Process Clause of the Fourteenth Amendment "is phrased as a limitation of a state's power to act, not as a guarantee of certain minimal levels of safety and security." *Id.* at 195, 109 S.Ct. 998. However, substantive due process does require a state to protect individuals under two theories. First, the state owes a duty to protect those in its custody. *Gregory v. City of Rogers,* 974 F.2d 1006, 1010 (8th Cir. 1992)(en banc). Second, the state owes a duty to protect individuals if it created the danger to which the individuals are subjected. *Id.* Here, Spurlock's claim is based upon the "state-created danger" theory. He contends that the County created the possibility of financial harm when it released his social security number.

However, this Court has found that an individual does not have a constitutional right of privacy in one's social security number. Thus, the release of this number is not a violation of a constitutional right and Spurlock can not establish the first element of his §1983 claim. Spurlock's §1983 claim for a violation of the Due Process Clause of the Fourteenth Amendment must fail as a matter of law.

Spurlock has also brought this suit under 42 U.S.C. §1985 alleging that there was a conspiracy to deprive him of his constitutional rights. There can be no conspiracy to deprive Spurlock of his constitutional right of privacy in this case because the Court has ruled that the right of privacy does not extend to a person's social security number. Therefore, Spurlock's conspiracy claim must fail as a matter of law.

Spurlock has also brought this suit under the Privacy Act of 1074. 5 U.S.C. § 552a.

However, the Privacy Act only allows civil lawsuits against agencies of the federal government. There is no private right of action against a state or municipality and their officials or employees under the Privacy Act. 5 U.S.C. § 552a(g)(1)("individuals may bring a civil action against the agency" for violation of the Privacy Act); *Schmitt v. City of Detroit,* 395 F.3d 327, 331 (6th Cir. 2005); *Pennyfeather v. Tessler,* 431 F.3d 54 (2nd Cir. 2005). Spurlock has no claim against Ashley County or Sheriff Robinson for a Privacy Act violation. Therefore, this claim must fall as a matter of law.

Spurlock has also brought numerous claims under Arkansas and Louisiana law. The Court declines to exercise supplemental jurisdiction over these claims in light of the dismissal of his claims over which this Court had original jurisdiction. 28 U.S.C. §1367(c)(3).

## CONCLUSION

Accordingly, the Court finds that the Motion for Summary Judgment filed on behalf of Separate Defendants Ashley County and Ashley County Sheriff James Robinson should be and hereby is **granted.** A judgment of even date, consistent with this Opinion, will be issued.

IT IS SO ORDERED, this 20th day of March, 2007.

    /s/Harry F. Barnes
    Hon. Harry F. Barnes
    United States District Judge